867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeff BONDS, Defendant-Appellant.
 No. 88-5057.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1988.
Decided: Jan. 13, 1989.
 
 Thomas Karlton Knight (Leonard, Biggers & Knight, P.A.), for appellant.
 Thomas J. Ashcraft, Jerry W. Miller (Office of the United States Attorney), for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jeff Bonds appeals from the district court's denial of his motion for an acquittal made pursuant to Fed.R.Crim.P. 29(a) during his trial by a jury. Bonds challenges the sufficiency of the evidence to link him to the crime. We affirm.
 
 
 2
 Jeff Bonds and Dennis Turner were indicted pursuant to the Assimilative Crimes Act, 18 U.S.C. Sec. 13, for violations of North Carolina's breaking or entering and larceny statutes, N.C.Gen.Stat. Secs. 14-54(a), 14-72(b)(2). The indictment accused Bonds and Turner of breaking and entering with the intent to commit larceny and of larceny by stealing cigarettes, candy, soft drinks, and approximately $200 in cash from a canteen located inside a gymnasium on the campus of the Oconaluftee Job Corps Center in Cherokee, North Carolina, inside the Great Smokey Mountains National Park. Bonds and Turner were employed by the Job Corp on this campus.
 
 
 3
 Pursuant to a plea agreement, Turner testified as a government witness. He stated that Bonds had asked for assistance in breaking into the canteen. He testified that, on the night of the break-in, he acted as a lookout while Bonds carried out the scheme. Approximately twenty minutes later, he saw Bonds run away from the vicinity of the gym and enter a wooded area with a container the size of a grocery bag. Turner said that, the next morning, Bonds took him to a place in the woods and gave him a carton of cigarettes. He also testified that he led a Job Corps counselor to this wooded location. In this area, they found a plastic bag containing cigarettes, sodas, and snack foods.
 
 
 4
 Another worker at the Job Corps Center testified that he bought a carton of cigarettes from Bonds and Turner after the break-in. A Job Corps supervisor testified that entry into the canteen was gained by removing the door hinges from concrete blocks and that cigarettes, candy, potato chips, and soft drinks were missing. Based upon this evidence, a jury convicted Bonds on both counts of the indictment, and the district court imposed a three-year sentence.
 
 
 5
 Bonds challenges his convictions on the ground that the evidence is insufficient to link him to the crimes. In our view, however, the record reveals more than sufficient circumstantial evidence upon which a rational trier of fact could have found the elements of the crimes charged beyond a reasonable doubt.
 
 
 6
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the briefs and the record before the court adequately present the facts and the legal contentions and because argument would not aid in the decisional process.
 
 
 7
 AFFIRMED.